Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>MADHAPPY, INC.,<br><br>    *Defendant.* | Case No.: 2:24-cv-1958<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc. alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2. Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. BackGrid is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from the top

photographers. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. Defendant Madhappy is a corporation organized under the laws of the State of California, with its principal place of business in Los Angeles, in this judicial district.

7. On information and belief, Madhappy owns, operates, or is responsible for the content of the Instagram social media account @madhappy.

*Personal Jurisdiction and Venue*

8. This Court has personal jurisdiction over Madhappy LA because, as a California corporation with its principal location in this judicial district, its contacts with the State of California are "so continuous and systematic" as to render it "at home" in the State.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

**BACKGROUND FACTS**

10. BackGrid is the owner and copyright holder of four photographic images (the "Images") as follows:

   a. Image 1 depicts actor Orlando Bloom, and Images 2 and 3 depict musical artist Katy Perry, who is wearing Madhappy-branded apparel.

1 Images 1 through 3 were registered with the U.S. Copyright Office as
2 Reg. No. VA 2-165-033 (eff. Aug. 13, 2019).

3     b. Image 4 depicts model Gigi Hadid in the streets of New York
4 wearing Madhappy-branded apparel. Image 4 was registered with the
5 U.S. Copyright Office as Reg. No. VA 2-177-951 (eff. Oct. 30, 2019).

6     11. BackGrid never licensed the Images to defendant. Nevertheless,
7 defendant used the Images without authorization or permission to do so.

8     12. Defendant or its agents copied each of the Images from Internet
9 sources—including legitimate licensees of BackGrid—stored the Images on
10 its servers, and displayed the Images on its social media account @madhappy
11 on Instagram, using them to promote its products.

12     13. The Images are creative, distinctive, and—as evidenced by
13 defendant's use and misappropriation of them—valuable. Because of the
14 Images' quality, visual appeal, and celebrity subject matter, BackGrid stood
15 to gain revenue from licensing them.

16     14. BackGrid marketed and licensed some of the Images on an as
17 Exclusive photographs. "Exclusive" means the photographs are available
18 only from the single photo agency (directly or through agents) because no
19 other photographers captured the celebrity or event. Exclusive photographs
20 are more valuable and are licensed for a higher fee, sometimes significantly
21 higher (such as $10,000 to $50,000 or more, and higher if the licensee wants a
22 period of exclusivity where no other licensee can display the photographs).

23     15. Images 1, 2, 3, and 4 were marketed as Exclusive.

24     16. Defendant's unauthorized use of the Images harmed the existing
25 and future market for the Images. Defendant's website posts made the
26 Images immediately available to its followers and to the public, including
27 consumers of entertainment and fashion news—and especially news and
28 images of the celebrity subjects of the Images—who would otherwise be

interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid's customers.

17. Defendant's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

18. In addition, defendant's unauthorized uses of the Images are commercial in nature. Defendant uses in-demand content about popular celebrities to promote its products.

19. Indeed, on information and belief, defendant specifically posted the Images on Instagram to increase sales of its products. On information and belief, defendant knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to buy the products that those celebrities were wearing.

20. As a company in the fashion industry, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

**(For Copyright Infringement, 17 U.S.C. § 501)**

21. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth

here.

22. Plaintiff is the authors and or/copyright owners of the protected Images named above in this Complaint.

23. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

24. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

25. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

26. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

27. Having timely registered its copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

28. Plaintiff alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

29. In the alternative, plaintiff is entitled to recovery of their actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

30. Within the time permitted by law, plaintiff will make their election between actual damages and profit disgorgement, or statutory damages.

31. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees;

G. For court costs, expert witness fees, and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  March 11, 2024       Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
    Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.